LAW OFFICES OF JAMES S. TERRELL
**JAMES TERRELL, ESQ. (CSBN: 170409)**
15411 ANACAPA ROAD
Victorville, CA 92392
(760) 561-2699 – Telephone
(760) 952-1085 – Facsimile
Email: jim@talktoterrell.com

LAW OFFICE OF SHARON J. BRUNNER
**SHARON J. BRUNNER, ESQ. (CSBN:229931)**
14393 Park Avenue, Suite 100
Victorville, CA 92392
(760) 243-9997- Telephone
(760) 843-8155- Facsimile
Email: sharonjbrunner@yahoo.com

*Attorneys for PLAINTIFF*

## UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELIZABETH MORENO individually and as successor in interest to Raymond Moreno Farias, deceased.**<br><br>**PLAINTIFF,**<br><br>vs.<br><br>**COUNTY OF SAN BERNARDINO; and DOES 1-10, INCLUSIVE.**<br><br>**Defendants.** | **Case Number:** 5:21-cv-1905<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>**Filed with Death Certificate and Survivorship Declarations Pursuant to CCP § 377.60**<br><br>1. Fourteenth Amendment – Denial of Due Process (42 U.S.C. §1983)<br><br>2. Fourteenth Amendment – Substantive Due Process (42 U.S.C. §1983)<br><br>3. Municipal Liability – Failure to Train (42 U.S.C. §1983)<br><br>4. Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. §1983)<br><br>5. Negligence – Wrongful Death |

6. Negligence – Professional Medical Malpractice

7. Failure to Summon Medical Care (Cal. Gov't Code §845.6)

8. Bane Act

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff ELIZABETH MORENO, individually and as successor in interest to Raymond Farias, deceased, for their Complaint against Defendants, County of San Bernardino, including its San Bernardino Sheriff's Department, the West Valley Detention Center, and Does 1-10 inclusive, and allege as follows:

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction pursuant to 28 U.S.C. §1331 and 1343(a)(3)-(4) because Plaintiff assert claims arising under the laws of the United States including 42 U.S.C. §1983 and the First, Fourth, and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. §1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.     Venue is proper in this Court because the parties reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of San Bernardino, California.

3.      The survival claims in this action are joined with the individual wrongful death claims pursuant to CCP § 377.62, as all claims arise out of the same wrongful act or neglect.

4.      Plaintiff filed a timely claim under Government Code Section 911.2 et al, and brings pendant actions under state law.

## INTRODUCTION

5.      This civil rights and state tort action seeks compensatory and punitive damages from Defendant, County of San Bernardino, for violating various rights under the United States Constitution and California law in connection with the in-custody death of Plaintiff's son, the deceased, Raymond Farias, on or around September 16, 2020.

## PARTIES

6.      At all relevant times, Raymond Farias ("DECEDENT") was an individual in custody and in the care of  in the County of San Bernardino. On September 16, 2020, 0600 hours Farias was discovered dead, allegedly by hanging himself, at West Valley Detention Center.

7.      ELIZABETH MORENO ("ELIZABETH") is an individual residing in the County of San Bernardino, California, and were at all relevant times the natural mother and father of DECEDENT.  ELIZABETH is suing in her individual capacity as the mother and DECEDENT, and as successor in interest.   ELIZABETH seeks both survival and wrongful death damages under federal and state law.

8.     At all relevant times, Defendant, COUNTY OF SAN BERNARDINO ("COUNTY") is and was a duly organized public entity, form unknown, existing under the laws of political subdivision for the State of California with the capacity to be sued. COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, and employees, including the San Bernardino County Sheriff's Department ("SBCSD") and its agents and employees. At all relevant times, Defendant, COUNTY was responsible assuring that the actions, omissions, policies, procedures, practices, and customs of the COUNTY and its employees and agents complied with the laws of the United States and the State of California. At all relevant times, COUNTY was employer of Defendants DOES 1-10.

9.     Defendants DOES 1-2 ("SBCSD DOE DEPUTIES") are deputies for the SBCSD. SBCD DOE DEPUTIES were acting under color of law within the course ands scope of their duties as deputies for the SBCSD. SBCSD DOE DEPUTIES were acting with the complete authority and ratification of their principal, Defendant COUNTY.

10.    Defendants DOES 3-6 ("DOE CORRECTIONAL OFFICERS") are correctional officers for the West valley Detention Center ("WVDC"), including those employed as nurses and other medical professionals, officers responsible for identifying medical and mental health issues and providing medical attention, medical screening, and medical

care to inmates.  DOE CORRECTIONAL OFFICERS also include those responsible for transporting inmates within the facility.  DOE CORRECTIONAL OFFICERS were acting under color of law within the course and scope of their employment with the WVDC.  DOE CORRECTIONAL OFFICERS were acting with the complete authority and ratification of their principal, Defendant COUNTY.

11.   Defendants DOES 7-8 ("WVDC DOE SUPERVISORS") are supervisory deputies for the WVDC who were acting under color of law within the course and scope of their employment with the WVDC.  WVDC DOE SUPERVISORS were acting with the complete authority and ratification of their principal, Defendant, COUNTY, WVDC DOE SUPERVISORS include those charged with coming up with the policies regarding medical care and medical screening, providing training on medical care and medical screening, and supervising nurses and medical professionals at WVDC.

12.   Defendants DOES 9-10 ("SBCSD DOE SUPERVISORS") are managerial, supervisorial, and policymaking employees of the SBCSD. At the time of the incident, SBCSD DOE SUPERVISORS were acting under color of law within the course and scope of their duties for the SBCSD.  SBCSD DOE SUPERVISORS were acting with the complete authority and ratification of their principal, Defendant, COUNTY.

13.   The true names and capacities of DOES 1-10 are unknown to Plaintiff, who otherwise sue these defendants by such fictitious names. Defendant is the agent of the other. Plaintiff alleges that each of the Defendants named as a "DOE" was in some

manner responsible for the acts and omissions alleged herein, and Plaintiff will ask leave of this Court to amend the Complaint to allege such names and responsibility when that information is ascertained.

14.     Defendants DOES 1-10 are sued in their individual capacities.

15.     On information and belief, Defendants DOES 1-10 were residents of the County of San Bernardino, California.

16.     In doing the acts and failing and omitting to act as hereinafter described, Defendants, DOES 1-10, were acting on the implied and actual permission and consent of Defendant, COUNTY, and its sheriff's department and detention center.

17.     The true names and capacities of DOES 1-10 are unknown to Plaintiff, who otherwise sue these Defendants by such fictitious names.

18.     All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

19.     Plaintiff filed a comprehensive and timely claim for damages with the County of San Bernardino pursuant to applicable sections of the California Government Code.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

20.    Plaintiff repeats and re-alleges each and every allegation in paragraph 1 through 19 of this Complaint with the same force and effect as if fully set forth herein.

21.    On or about June 28, 2020, SBCSD DOE DEPUTIES arrested and detained DECEDENT who suffered from Attention-Deficit/Hyperactivity Disorder ("ADHD"), and bipolar disorder.  Local law enforcement had familiarity with DECEDENT and DECEDENT'S mental health struggles.

22.    At the time of DECEDENT'S arrest, it is believed DECEDENT was suicidal and was transported to WVDC. On information and belief, DECEDENT was not properly monitored, nor was he treated or his medical/mental health condition. Further, it is not clear as to whether or not DECEDENT was screened by a Registered Nurse upon arrival on WVDC.

23.    Based on information and belief, DECEDENT verbalized his need for help with his mental illness to employees at WVDC including DOE CORRECTIONAL OFFICERS, SBCSD DOE DEPUTIES and other individuals.

24.    DECEDENT exhibited visible, severe signs of depression and engaged in odd behavior, including an arrest for throwing rocks.

25.    On information and belief, WVDC did not provide the appropriate medical attention to DECEDENT. On September 16, 2020 DECEDENT died from an apparent suicide at WVDC. Decedent was ignored and discovered at 0600 hours cold and dead

in his cell.

26.     Defendants were negligent in their conduct, including but not limited to their procedures for intake and housing of those in need of mental and medical care and their training with regard to providing mental and medical care and handling those with mental illnesses.

27.     DOES 1-10 were integral participants in the denial of medical care, cruel and unusual punishment, and negligent treatment of DECEDENT, or failed to intervene to prevent these violations.

28.     On reason and belief, Plaintiff alleges DECEDENT was discovered on September 16, 2020 at 6:00 a.m. dead by suicide, hanging.

## FIRST CLAIM FOR RELIEF
### Fourteenth Amendment – Denial of Medical Care (42 U.S.C. §1983)
### (Plaintiff v. Defendants SBCSD DOE DEPUTIES and WVDC DOE CORRECTIONAL OFFICERS)

29.     Plaintiff hereby re-alleges and incorporate by reference paragraph 1 through 28 of this Complaint as if fully set forth herein.

30.     The Fourteenth Amendment of the United States Constitution requires law enforcement and custodial officers to provide reasonable post-arrest care, and to promptly summon medical care.  42 U.S.C. §1983 provides a private right of action for conduct which violates this right.

31.     Defendants,    SBCSD    DOE    DEPUTIES    and    DOE    CORRECTIONAL

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

OFFICERS, acted under color of law.

32.     Defendants, SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS, including those employed as nurses or officers responsible for medical screening at WVDC, did not promptly identify DECEDENT's mental issues, did not timely summon medical care, and did not permit medical personnel to treat DECEDENT. All DOE defendants' acts or omissions to act were with objective deliberate indifference.

33.     The denial or delay of medical care violated DECEDENT'S right to prompt medical care as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

34.     Defendants knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury, the unnecessary and wanton infliction of pain, or death, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

35.     Defendant SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS are liable for the denial of medical care to DECEDENT, and for his injuries and death, either because they were integral participants in the denial or delay of medical care, or because they failed to intervene to prevent these violations.

36.     As a direct and proximate result of the aforementioned conduct, DECEDENT suffered injuries, including pain and suffering, and then died and lost his earning

capacity.  Also, as a direct and proximate cause of the acts of SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS, Plaintiff suffered emotional distress, mental anguish, and pain.  Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

37.    The   conduct   of   Defendants,   SBCSD   DOE   DEPUTIES   and   DOE CORRECTIONAL OFFICERS, was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages.

38.    Plaintiff brings this claim as successor in interest to DECEDENT and seeks survival and wrongful death damages under this claim.   Plaintiff seeks damages, including for DECEDENT'S pain and suffering, loss of earning capacity, and loss of enjoyment of life.  Plaintiff also seek reasonable costs, funeral and burial expenses, and attorney's fees under 42 U.S.C §1988.

**SECOND CLAIM FOR RELIEF**
**Fourteenth Amendment – Substantive Due Process, Interference with Familial Relations (42   U.S.C. § 1983)**
**(Plaintiff v. Defendants SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS)**

39.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 38 of this Complaint with the same force and effect as if fully set forth herein.

40.     Plaintiff has a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in their familial relationship with her son, DECEDENT.

41.     The aforementioned actions of Defendants, SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiff, and with purpose to harm unrelated to any legitimate law enforcement objective.

42.     SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS thus violated the substantive due process rights of Plaintiff to be free from unwarranted interference with their familial relationship with DECEDENT, her son.

43.     As a direct and proximate result of the aforementioned conduct, DECEDENT suffered injuries, including pain and suffering, and then died, losing his earning capacity.  Also, as a direct and proximate cause of the acts of SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS, Plaintiff suffered emotional distress, mental anguish, and pain.  Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

44.     The   conduct   of   Defendants,   SBCSD   DOE   DEPUTIES   and   DOE
CORRECTIONAL OFFICERS, was willful, wanton, malicious, and done with an evil
motive and intent and a reckless disregard for the rights and safety of DECEDENT and
Plaintiff and therefore warrants the imposition of exemplary and punitive damages as
to Defendants, SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS.

45.     Plaintiff brings this claim in their individual capacity and seeks wrongful death
damages under this claim.  Plaintiff seeks damages, including for DECEDENT'S pain
and suffering, loss of earning capacity, and loss of enjoyment of life.  Plaintiff also seek
reasonable costs,  funeral  and  burial  expenses,  and  attorney's  fees  under  42  U.S.C
§1988.

**FOURTH CLAIM FOR RELIEF**
**Municipal Liability – Failure to Train (42 U.S.C. §1983)**
**(Plaintiff v. Defendants COUNTY and DOES 7-10)**

46.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through
45 of this Complaint with the same force and effect as if fully set forth herein.

47.     The acts of Defendants, SBCSD DOE DEPUTIES and DOE CORRECTIONAL
OFFICERS, deprived DECEDENT and Plaintiff of their particular rights under the
United States Constitution.

48.     Defendants,   SBCSD   DOE   DEPUTIES   and   DOES   CORRECTIONAL
OFFICERS, acted under color of law.

49.   On information and belief, Defendants, COUNTY and DOES 7-10, failed to properly and adequately train SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS on subject matters including but not limited to the provision of medical/mental health attention.

50.   The training policies of Defendant COUNTY were not adequate to train its deputies and correctional officers at the WVDC to handle the usual and recurring situations with which they must deal, including but not limited to medical/mental health screening during intake at WVDC, and the provision of prompt and adequate medical/mental health care.  As stated above, upon arrival to WVDC, DECEDENT was not provided with medical/mental health care, nor was DECEDENT properly screened by a nurse to evaluate his overall physical fitness for incarceration.  This is a clear violation of the policies of WVDC, and Defendants COUNTY and DOES 7-10 did not adequately train DOES 1-6 with regard to said policies.

51.   Defendants, COUNTY and DOES 7-10, were deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

52.   The failure of Defendants, COUNTY and DOES 7-10, to provide adequate training caused the deprivation of Plaintiff's and DECEDENT'S rights by SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS; and is, Defendants' failure to train is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

53.     As a direct and proximate result of the aforementioned conduct, DECEDENT suffered injuries, including pain and suffering, and then died, losing his earning capacity.  As a direct and proximate cause of the acts of SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS, Plaintiff suffered emotional distress, mental anguish, and pain.  Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

54.     Accordingly, Defendants are liable to Plaintiff for compensatory damages under 42 U.S.C. §1983.   The conduct of SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES and DOE CORRECTIONAL OFFICERS.

55.     Plaintiff brings this claim as successor in interest to DECEDENT and seeks survival and wrongful death damages under this claim.

56.     Plaintiff seeks damages, including for DECEDENT'S pain and suffering, loss of earning capacity, and loss of enjoyment of life.  Plaintiff also seeks reasonable costs, funeral and burial expense, and attorney's fees under 42 U.S.C §1988.

### FIFTH CLAIM FOR RELIEF
**Municipal Liability – Unconstitutional Custom, Policy, Practice**
**(42 U.S.C. §1983)**
**(Plaintiff v. Defendant COUNTY)**

57.     Plaintiff re-alleges each and every allegation in paragraphs 1 through 56 of this Complaint with the same force and effect as if fully set forth herein.

58.     Defendants, SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS, acted under color of law.

59.     Defendants, SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS, acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant COUNTY, including an unconstitutional policy of not providing medical/mental health care or immediate screening by a nurse to evaluate the overall physical fitness of those in custody for incarceration, as well as a policy of mishandling situations with individuals who suffer from mental health issues.

60.     On information and belief, Defendants, SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS, were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT'S death.

61.     Defendants, COUNTY, DOES 9-10, SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS, together with other COUNTY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a) Not providing medical/mental health care or immediate screening by a nurse to evaluate the overall physical fitness of those in custody for incarceration, and not providing proper medical attention and care;

(b) Providing inadequate training regarding providing medical/mental health care or immediate screening by a nurse to evaluate the overall physical fitness of those in custody for incarceration, and not providing proper medical/mental health attention and care;

(c) Employing and retaining as deputy sheriffs and correctional officers at WVDC individuals whom Defendant, COUNTY, at all times material herein knew or reasonably should have known had dangerous propensities for (1) abusing their authority, (2) not providing medical/mental care or immediate screening by a nurse to evaluate the overall physical fitness of those in custody for incarceration, and (3) not providing proper medical attention and care;

(d) Inadequate supervising, training, controlling, assigning, and disciplining COUNTY deputies and other personnel, including Defendants, SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS, whom Defendant COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

(e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by COUNTY deputies and WVDC correctional officers;

(f) Failing to adequately discipline COUNTY deputies and correctional officers for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g) Even where denials of adequate medical/mental care and medical/mental screening are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(h) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which deputies and correctional officers do not report other officers' errors, misconduct, or crimes.

62.    By reason of the aforementioned acts and omissions, Plaintiff has suffered the loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT'S pain and suffering, loss of enjoyment of life, and death.

63.     Defendants, COUNTY and DOES 7-10, together with various other officials, whether named or unarmed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in paragraphs above.  Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiff, and other individuals similarly situated.

64.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, COUNTY and DOES 7-10, acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT'S and Plaintiff's constitutional rights.  Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants, COUNTY and DOES 7-10, were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiff.

65.     By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.  Accordingly, Defendants COUNTY and DOES 7-10 each are liable to Plaintiff's compensatory damages under 42 U.S.C. §1983.

66.    Plaintiff brings this claim as successor in interest to DECEDENT and seeks survival and wrongful death damages under this claim.

67.    Plaintiff seeks damages, including for DECEDENT'S pain and suffering, loss of earning capacity, and loss of enjoyment of life.  Plaintiff also seek reasonable costs, funeral and burial expenses, and attorney's fees under 42 U.S.C. §1988.

### SIXTH CLAIM FOR RELIEF
### Negligence – Wrongful Death
### (Plaintiff v. All Defendants)

68.    Plaintiff re-alleges each and every allegation in paragraphs 1 through 67 of this Complaint with the same force and effect as if fully set forth herein.

69.    SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS were charged with a duty to use reasonable care to prevent harm or injury to others.  This duty includes providing prompt and adequate medical care to individuals in their custody, identifying and handling medical and mental health issues, screening inmates for physical fitness for incarceration, and not causing injury to persons in their custody during transport to and within facilities.

70.    Defendants, SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS, breached their duty of care.  The actions and inactions of Defendants, SBCD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS, were negligent and reckless, including but not limited to, the neglect tactics and handling of the situation with DECEDENT, including failing to identify serious medical and mental health

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

issues, and failing to provide prompt medical care to DECEDENT. Moreover, COUNTY and DOES 7-10 failed to ensure hat adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT.

71.     As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died. Also, as a direct and proximate result of Defendants' conduct as alleged above, Plaintiff has suffered emotional distress and mental anguish. Plaintiff also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

72.     The COUNTY is vicariously liable for the wrongful acts of Defendants DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

73.     Plaintiff brings claim as successor in interest to DECEDENT and in their individual capacity and seeks survival and wrongful death damages under this claim.

74.     Plaintiff seeks damages, including for DECEDENT's pain and suffering, loss of earning capacity, and loss of enjoyment of life. Plaintiff also seek reasonable costs, funeral and burial expenses, and attorney's fees under 42 U.S.C. §1988.

### SEVENTH CLAIM FOR RELIEF
### Professional Negligence – Medical Malpractice
### (Plaintiff v. All Defendants)

75.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 74 of this Complaint with the same force and effect as if fully set forth herein.

76.   Defendants negligently failed to exercise the proper degree of knowledge, skill, and competence in examining, diagnosing, treating, and caring for DECEDENT, including but not limited to, the failure to conduct a proper medical assessment of DECEDENT; the failure to summon immediate emergency medical assistance for DECEDENT; and the failure to adequately monitor and supervise DECEDENT and DOE CORRECTIONAL OFFICERS' supervision of DECEDENT.

77.   As a direct and proximate result of the aforementioned conduct, DECEDENT suffered injuries, including pain and suffering, and then died, losing his earning capacity.  Also, as a direct and proximate cause of the acts of SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS, Plaintiff has suffered emotional distress and mental anguish.  Plaintiff also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

78.   The COUNTY is vicariously liable for the wrongful acts of Defendants DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that

a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

79.    The conduct of DOES 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT and Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

80.    Plaintiff brings claim as successor in interest to DECEDENT and in their individual capacity and seeks survival and wrongful death damages under this claim.

81.    Plaintiff seeks damages, including for DECEDENT's pain and suffering, loss of earning capacity, and loss of enjoyment of life.  Plaintiff also seek reasonable costs, funeral and burial expenses, and attorney's fees under 42 U.S.C. §1988.

### EIGHTH CLAIM FOR RELIEF
### Failure to Summon Medical Care (CAL. GOV'T. CODE §845.6)
### (Plaintiff v. All Individual Defendants)

82.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 81 of this Complaint with the same force and effect as if fully set forth herein.

83.    DOE DEPUTIES and DOE CORRECTIONAL OFFICERS knew of had reason to know that DECEENT was in need of immediate medical and mental care and yet failed to take reasonable action to summon such medical care, and to provide adequate medical screening for fitness for incarceration.

84.     As a direct and proximate result of the aforementioned conduct, DECEDENT suffered injuries, including pain and suffering, and then died, losing his earning capacity.  Also, as a direct and proximate cause of the acts of SBCSD DOE DEPUTIES and DOE CORRECTIONAL OFFICERS, Plaintiff has suffered emotional distress and mental anguish.  Plaintiff also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

85.     The COUNTY is vicariously liable for the wrongful acts of Defendants DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

86.     The conduct of DOE DEPUTIES and DOE CORRECTIONAL OFFICERS and WVDC was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT and Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

87.     Plaintiff brings this claim as successor in interest to DECEDENT and in her individual capacity and seeks survival and wrongful death damages under this claim.

88.     Plaintiff seeks damages, including for DECEDENT's pain and suffering, loss of earning capacity, and loss of enjoyment of life.  Plaintiff also seek reasonable costs, funeral and burial expenses, and attorney's fees under 42 U.S.C. §1988.

# EIGHTH CLAIM FOR RELIEF
## BANE ACT
### (Plaintiff v. All Defendants)

89.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 88 of this Complaint with the same force and effect as if fully set forth herein.

90.     Defendants in this matter violated Cal. Code 52.1 for failing to protect DECEDENT from harming himself by providing him with the necessary medical and mental health treatment and monitoring, which was available to DECEDENT.

91.     Defendants in this matter failed to intervene, causing the death of DECENDENT.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request entry of judgment in their favor and against Defendants San Bernardino County and Does 1-10, inclusive, as follows:

A. For compensatory damages and whatever other amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

B. For funeral and burial expenses, and loss of financial support;

C. For pre-death pain and suffering, and loss of enjoyment of life according to proof at trial;

D. For punitive damages against the individual Defendants in an amount to be proven at trial;

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

E. For statutory damages;

F. For interest;

G. For reasonable attorney's fees, including litigation expenses;

H. For costs of suit; and

I. For such further other relief as the Court may deem just, proper, and appropriate.

Respectfully Submitted:                    LAW OFFICE OF SHARON J. BRUNNER

Dated: _____11/9/2021_____                    By:_____/s/*Sharon J. Brunner*
                                                                          Sharon J. Brunner
                                                                          Attorney for Plaintiff
                                                   THE LAW OFFICES OF JAMES S. TERRELL

Dated:_____11/9/2021_____                    By:_____/s/*James S. Terrell*
                                                                          James S. Terrell
                                                                          Attorney for Plaintiff

# JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues.

Respectfully Submitted:                    LAW OFFICE OF SHARON J. BRUNNER

Dated: _____ 11/9/2021 _____                    By: _____ /s/*Sharon J. Brunner*
                                                        Sharon J. Brunner
                                                        Attorney for Plaintiff

THE LAW OFFICES OF JAMES S. TERRELL

Dated: _____ 11/9/2021 _____                    By: _____ */s/James S. Terrell*
                                                        James S. Terrell
                                                        Attorney for Plaintiff

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL